(No. 2700—)

HAYES TRANSFER & STORAGE COMPANY, A CORPORATION, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed February 14, 1940.*

KIGER & DILSAVER, for claimant.

John E. Cassidy, Attorney General; Glenn A. Trevor, Assistant Attorney General, for respondent.

Mr. Justice Linscott delivered the opinion of the court:

The claimant, an Illinois Corporation, charges that on the 25th day of July, 1934, and at all times since that time it has been engaged in the transportation of goods by automobile truck for hire; that on July 25, 1934, the respondent, the State of Illinois, owned and was maintaining by and through its agent, servants and employees, a certain public highway lying within the State of Illinois, known as U. S. Route No. 66, at and near Lexington, Illinois; that at said time and place the respondent through its agent, servants and employees was repairing the paved portion of said highway and as part of said repair work had removed a large section of the paved portion of said highway and a portion of the foundation thereof, creating a deep unpaved section across the main travelled portion of said highway, rendering that part of the highway extremely dangerous and unsafe to one rightfully using the highway; that the State, through its agents, servants and employees had wholly failed and neglected to erect at or near the approach to said section of the highway so under repair, any warning signals, signs, barricades or other devices or keep a watchman there to warn persons of the danger; that on the said date, between the hours of eight and eight-thirty P. M. while the truck of the claimant was rightfully upon the highway travelling in a southerly direction from Joliet, Illinois, to Springfield, Illinois, and while the driver of the truck was in the exercise of due care and caution for the safety of the truck, he drove from the paved portion of the highway onto the part where the pavement had been removed, and the truck was damaged thereby.

A Bill of Particulars was filed, itemizing damages in the sum of $257.30.

The Attorney General made a motion to strike on the grounds that the damages were occasioned by the negligence

and carelessness of the agents, servants and employees of respondent in the repair and maintenance of the said State highway; that the State was engaged in the construction and maintenance of its roads, and was thereby acting in a governmental capacity, and because of that the State does not become liable in actions of tort by reason of the malfeasance, misfeasance or negligence of its officers or agents in the absence of a statute creating such liability. The Attorney General argues that such has been the settled decision of this court for many years, and cited *Morrissey* vs. *State*, 2 C. C. R. 454; *Minear* vs. *State Board of Agriculture*, 259 Ill. 549.

The claimant contends that it is the duty of this court to hear and determine all claims and demands, legal and equitable, liquidated and unliquidated, ex contractu and ex delicto which the State as a sovereign commonwealth should in equity and good conscience discharge and pay, and cities several decisions of this court, but does not cite any statutes.

At least two times in the past several years, an effort has been made to pass a statute which covers cases of this kind, but in each instance, such a statute failed to become the law.

Claimant argues that this court has jurisdiction to pass upon the merits of this case under Paragraph Four of the statute defining the powers of this court.

In the case of *Crabtree* vs. *State of Illinois*, 7 C. C. R., page 207, similar contentions were made. We therein held that an award will not be made on the grounds of equity and good conscience, and held that the provisions of Paragraph 4 of Section 6 of the Court of Claims Act with reference to equity and good conscience merely defines the jurisdiction of the court and does not create a new liability against the State nor increase or enlarge any existing liability and limits the jurisdiction of the court to claims under which the State would be liable in law or in equity, if it were suable, and where claimant fails to bring himself within the provisions of a law giving him the right to an award, he cannot invoke the principles of equity and good conscience to secure one.

The motion of the Attorney General, therefore, must be sustained and the cause dismissed.